1   C. JOHN M. MELISSINOS (SBN 149224)
    JMelissinos@GreenbergGlusker.com
2   KEITH PATRICK BANNER (SBN 259502)
    KBanner@GreenbergGlusker.com
3   GREENBERG GLUSKER FIELDS CLAMAN
    & MACHTINGER LLP
4   1900 Avenue of the Stars, 21st Floor
    Los Angeles, California  90067-4590
5   Telephone:  310.553.3610
    Fax:  310.553.0687
6
7   Attorneys for Jason M. Rund,
    Chapter 7 Trustee

8

9                   UNITED STATES BANKRUPTCY COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                        LOS ANGELES DIVISION

12  In re:                              Case No. 2:13-bk-23787-BR

13  HALSEY McLEAN MINOR,                Chapter 7

14                Debtor.               **CHAPTER 7 TRUSTEE'S MOTION FOR
                                        ORDER APPROVING STIPULATION
15                                      AMONG CHAPTER 7 TRUSTEE, UNITED
                                        STATES OF AMERICA, AND
16                                      FRANCHISE TAX BOARD REGARDING
                                        PAYMENT OF CLAIMS; DECLARATION
17                                      OF JASON M. RUND IN SUPPORT
                                        THEREOF**

18

19

20                                      <u>Hearing</u>
                                        Date:      October 3, 2018
21                                      Time:      10:00 a.m.
                                        Place:     1668
22                                                 United States Bankruptcy Court
                                                   255 E. Temple Street
23                                                 Los Angeles, CA 90012

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

73358-00002/3069360.2

# TABLE OF CONTENTS

**Page**

I.    JURISDICTION.................................................................................................... 1

II.   INTRODUCTION ................................................................................................. 2

III.  FACTUAL BACKGROUND ................................................................................ 2

    A.    General ..................................................................................................... 2

    B.    The Tax Claims Filed by the IRS and the FTB...................................... 3

    C.    The Sales of the Debtor's Real Properties Approved by the Bankruptcy Court and the Carve-Outs Received by the Bankruptcy Estate ............ 4

    D.    The Compromise With Sotheby's and the Other Avoidance Recoveries ............. 6

    E.    The Other Assets of the Estate Liquidated by the Trustee....................... 7

    F.    The Proposed Compromise and the Stipulation with the IRS and the FTB........... 8

IV.  DISCUSSION ...................................................................................................... 9

    A.    The Legal Standard ................................................................................. 9

    B.    The Stipulation Should Be Approved ................................................... 10

V.   CONCLUSION .................................................................................................. 11

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# TABLE OF AUTHORITIES

**Page**

**CASES**

Anaconda-Ericsson Inc. v. Hessen (*In re Teltronics Servs., Inc.*),
762 F.2d 185 (2d Cir. 1985)...................................................................................................9

*In re Lee Way Holding Co.*,
120 B.R. 881 (Bankr. S.D. Ohio 1990)...................................................................................9

*Kowal v. Malkemus* (*In re Thompson*),
965 F.2d 1136 (1st Cir. 1992)...............................................................................................11

*Martin v. Kane* (*In re A & C Properties*),
784 F.2d 1377 (9th Cir. 1986)..........................................................................................9-10

*Newman v. Stein*,
464 F.2d 689 (2d Cir. 1972)....................................................................................................9

*United States v. Alaska Nat'l Bank* (*In re Walsh Constr., Inc.*),
669 F.2d 1325 (9th Cir. 1982)................................................................................................9

*Woodson v. Fireman's Fund Ins. Co.* (*In re Woodson*),
839 F.2d 610 (9th Cir. 1988)..................................................................................................9

**STATUTES**

11 U.S.C. § 105(a) ..............................................................................................................2, 9

11 U.S.C. § 341(a) ...................................................................................................................2

11 U.S.C. § 507(a)(8) ..............................................................................................................4

11 U.S.C. § 724(b)(2) .........................................................................................................8, 10

28 U.S.C. §§ 157 and 1334 .....................................................................................................1

28 U.S.C. § 157(b)(2) ..............................................................................................................1

28 U.S.C. §§ 1408 and 1409 ...................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 9019 .....................................................................................................1-2, 9

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO APPROVE STIPULATION
REGARDING TAX CLAIMS

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, THE DEBTOR, ALL PARTIES-IN-INTEREST HEREIN AND THEIR RESPECTIVE COUNSEL:**

Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor Halsey McLean Minor ("Minor" or the "Debtor"), hereby moves the Court (the "Motion") for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving a proposed resolution among the Trustee, the United States of America ("United States") on behalf of its agency, Internal Revenue Service ("IRS"), and the State of California Franchise Tax Board (the "FTB") regarding the claims filed against the bankruptcy estate by the IRS and the FTB, as set forth in the concurrently filed *Stipulation Among Chapter 7 Trustee, United States of America, and Franchise Tax Board Regarding Payment of Claims* (the "Stipulation") [Docket No. 447]. The Stipulation provides for the allowance of the secured, priority and general unsecured claims of the IRS and the FTB so that the Trustee can prepare and submit his Final Report and Account. A copy of the Stipulation is attached as Exhibit 1 to the accompanying Declaration of Jason M. Rund (the "Rund Declaration").

As contemplated by the Stipulation, the IRS Claim[1] shall be allowed as a secured claim in the amount of $586,604.12, a priority claim in the amount of $997,869.07, a general unsecured claim in the amount of $19,706,386.41, and a subordinated claim for penalties in the amount of $4,625,648.18. The FTB Claim shall be allowed as a secured claim in the amount of $90,000.00, a priority claim in the amount of $1,168,333.97, a general unsecured claim in the amount of $5,993,431.91, and a subordinated claim for penalties in the amount of $2,558,280.36. In support of his Motion, the Trustee respectfully represents and shows as follows:

## I.    JURISDICTION

The Court has jurisdiction over this case, the Debtor's estate, and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

1

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    venue of the case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the

2    relief requested herein are sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

3    **II.    INTRODUCTION**

4         The Trustee is holding approximately $3.6 million, which is the result of the liquidation of

5    numerous assets of the bankruptcy estate.  Both the IRS and the FTB filed very large secured and

6    priority claims against the bankruptcy estate.  Without a resolution of the secured claims that

7    fixes their allowed amounts in relation to the cash held by the Trustee, distribution of the funds

8    held by the Trustee and the prompt closure of the Debtor's bankruptcy case will be impossible.

9    Because the liens of the IRS and the FTB overlap, it is critical that the Stipulation be approved to

10   reflect the agreement between them as well as with the Trustee to provide direction to the Trustee

11   on how to distribute the funds in his possession.

12        As discussed in more detail below, while a portion of the funds now held by the Trustee

13   are subject to the secured claims of the taxing authorities, some of the funds are not, including

14   with respect to the amounts which the estate received as "carve-outs" from secured claims after

15   the sale of assets.  The relief proposed in the Stipulation also clarifies the characterization of this

16   cash, which will allow the funds the Trustee is holding to be distributed according to the priorities

17   set forth in the Bankruptcy Code.  Indeed, as soon as the Stipulation is approved, the Trustee

18   intends to submit his Final Report and Account in this bankruptcy case to the United States

19   Trustee.  Therefore, the Trustee requests that the Motion and the Stipulation be approved.

20   **III.    FACTUAL BACKGROUND**

21        **A.    General**

22        The Debtor commenced the within bankruptcy proceeding by filing a voluntary Petition

23   under chapter 7 of Title 11 of the United States Code, §§ 101 et seq. (the "Bankruptcy Code") on

24   May 24, 2013 (the "Petition Date").  The Trustee is the duly appointed and acting chapter 7

25   trustee of the Debtor's bankruptcy estate herein.  The first meeting of creditors pursuant to section

26   341(a) of the Bankruptcy Code was initially set for June 17, 2013 and then was rescheduled to

27   July 8, 2013.  The meeting was continued from time to time and later concluded.  October 21,

28   2013 was the deadline for non-governmental entities to file proofs of claim.  The Court has

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO APPROVE STIPULATION
REGARDING TAX CLAIMS

1  approved the employment of counsel and accountants to provide assistance to the Trustee in his

2  administration of the estate.  Rund Decl., ¶ 4.[2]

3      The Debtor filed his Amended Schedules of Assets and Liabilities [Docket Nos. 74 and

4  75] ("Amended Schedules") and Statement of Financial Affairs ("SOFA"), which list assets of

5  over $30 million and liabilities of over $50 million.  The Trustee reviewed the Amended

6  Schedules and SOFA, as well as additional documents which the Debtor has supplied.  The

7  Trustee, his counsel and his forensic accountants worked to gain a better picture of the financial

8  circumstances of the Debtor and the bankruptcy estate.  Based on their investigation, the Debtor's

9  financial affairs were wide-ranging and complex.  Rund Decl., ¶ 6.

10     Since the Petition Date, the Trustee has liquidated various assets of the Debtor's

11 bankruptcy estate.  In total, the Trustee has received total proceeds of $30,459,355.70 and, after

12 paying secured claims, real property taxes, and costs of sale in the collective amount of

13 $26,219,996.10, received net proceeds of $4,403,761.32.  Exh. 1, Stipulation, ¶ I.  As reflected in

14 the Paragraph O of the Stipulation, the Trustee has also paid $751,605.84 in administrative

15 expenses.[3]  Therefore, the Trustee is now holding approximately $3.6 million.  Rund Decl., ¶ 7.

16     **B.     The Tax Claims Filed by the IRS and the FTB**

17     From the outset of the bankruptcy case, it was understood that large pre-petition tax

18 claims against the Debtor were one of the main reasons that he filed a chapter 7 bankruptcy case.

19 The Debtor's pre-petition litigation with Sotheby's, Inc. ("Sotheby's") also put significant

20 financial pressure on the Debtor.

21     On July 16, 2013, the FTB filed a claim in the amount of $8,388,983.08 as a secured

22 claim for state income taxes owed by the Debtor for tax years 2007, 2008, 2009 and 2012, which

23

24 [2] As noted in the Debtor's Petition, two apparent affiliates of the Debtor previously filed chapter 11 cases, both of
which cases are now closed.  Minor Family Hotels, LLC commenced a chapter 11 case on September 1, 2010 in the

25 United States Bankruptcy Court for the Western District of Virginia, Case No. 10-62543.  On or about September 16,
2013, the case was converted to a chapter 7 case, and on April 28, 2015 it was closed.  Carter's Grove, LLC

26 commenced a chapter 11 case on February 14, 2011 in the United States Bankruptcy Court for the Northern District
of California, San Francisco Division, which case was transferred to the United States Bankruptcy Court for the

27 Eastern District of Virginia, Case No. 11-51330-SCS.  That case was closed on June 25, 2015.  Rund Decl., ¶ 5.
[3] The amount set forth in Paragraph O of the Stipulation is as of April 30, 2018.  Since that date, bank and bond

28 charges have continued to accrue and be paid.  All such amounts will be reflected in the Trustee's Final Report and
Account.  Rund Decl., ¶ 7.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO APPROVE STIPULATION
REGARDING TAX CLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  claim was denominated as claim no. 1 on the Claims Register maintained by the Clerk of the

2  Court for the Debtor's bankruptcy case.  On May 7, 2015, the FTB filed an amended claim in the

3  amount of $9,790,046.24, as a secured claim in the amount of $8,388,983.08 and a general

4  unsecured claim in the amount of $232,729.19.  The FTB also asserts that its amended claim is

5  entitled to priority pursuant to 11 U.S.C. § 507(a)(8) in the amount of $1,168,333.97 (such claim,

6  as amended, herein the "FTB Claim").  A copy of the FTB Claim is attached as Exhibit A to the

7  Stipulation.

8      On March 9, 2018, the IRS filed an amended claim in the amount of $25,916,478.45,

9  consisting of a secured claim of $24,857,210.48, a priority claim of $997,869.07, and an

10  unsecured general claim of $61,398.90 for unpaid federal income taxes owed by the Debtor for

11  tax years 2007, 2008, 2009 and 2011, which claim was denominated as claim no. 3-2 on the

12  Claims Register maintained by the Clerk of the Court for the Debtor's bankruptcy case (such

13  claim herein the "IRS Claim").  A copy of the IRS Claim is attached as Exhibit B to the

14  Stipulation.

15      As set forth in the IRS and FTB Claims, on the Petition Date, the IRS and the FTB

16  asserted liens against substantially all of the Debtor's assets.  As set forth in further detail therein,

17  the FTB Claim consists of $5,143,638.00 in taxes, $2,337,594.36 in penalties, $907,666.72 in

18  interest, and $84.00 in costs.  A schedule of the liens filed by the FTB is also included with the

19  FTB Claim.  The IRS Claim consists of a secured claim in the amount of $16,931,656.79 in taxes,

20  $4,625,648.18 in penalties and $3,299,905.51 in interest.  A schedule of the Notices of Federal

21  Tax Lien filed by the IRS is included as part of the IRS Claim.

22      **C.**      **The Sales of the Debtor's Real Properties Approved by the Bankruptcy Court**

23              **and the Carve-Outs Received by the Bankruptcy Estate**

24      Immediately after the Petition Date, the Trustee commenced his efforts to liquidate the

25  various assets of the bankruptcy estate, including those real properties listed on the Debtor's

26  Schedule A, 822 Sarbonne Road, Los Angeles, CA 90077 (the "Sarbonne Property") and the

27  residential real property collectively known as 3800-3810 Washington Street and 125 Maple

28  Street, San Francisco, CA 94118 (the "San Francisco Property").  On February 25, 2014 the Court

1  entered its order [Docket No. 179] approving the sale of the Sarbonne Property free and clear of

2  all liens, claims, and interests for $11,100,000.00.  The sale of the Sarbonne Property closed on

3  March 12, 2014.  On May 18, 2016, the Court entered its order [Docket No. 335] approving the

4  sale of the San Francisco Property free and clear of all liens, claims, and interests for

5  $15,750.000.00.  The sale of the San Francisco Property closed on July 14, 2016.  Rund Decl.,

6  ¶ 12.

7          In addition to his efforts with respect to the Sarbonne and San Francisco and Properties,

8  the Trustee worked on the marketing of that certain real property commonly known as Fox Ridge

9  Farms, 2800 Ridge Rd., Charlottesville, VA 22901 (the "Fox Ridge Farms Property").  The Fox

10  Ridge Farms Property was owned by Fox Ridge Farms Holdings, LLC, a Virginia limited liability

11  company ("FRF"), the membership interests of which were 100% owned by the Debtor.  These

12  efforts were also successful.  The Bankruptcy Court approved the sale of the Fox Ridge Farms

13  Property by FRF for $7,500,000.00 by order entered on June 13, 2014 [Docket No. 233] (the

14  "FRF Sale Order").  The sale of the Fox Ridge Farms Property closed on June 27, 2014.  Rund

15  Decl., ¶ 13.

16          From the sales of the Sarbonne, Fox Ridge Farms, and San Francisco Properties, the

17  Trustee received "carve-outs" of $500,000.00, $232,589.72, and $426,569.20, respectively.  Each

18  of the carve-outs was highly negotiated, extensively documented, and noticed, disclosed, and

19  approved in conjunction with the sales of each of the Properties.

20          With respect to the sale of the Fox Ridge Farms Property, as discussed in the Stipulation,

21  the FRF Sale Order directed that the carve-out amount be held in the Segregated Account.

22  Thereafter, by its order dated July 5, 2017 [Docket No. 430], the Bankruptcy Court approved a

23  compromise between the Trustee and Watt, Tieder, Hoffar & Fitzgerald, LLP, a Virginia Limited

24  Liability Partnership doing business in California ("WTHF"), by which WTHF received

25  $50,000.00 from the Segregated Account to resolve its claim to a portion of the Segregated

26  Account.  Also as set forth in the Stipulation, after payment to WTHF and the payment of bank

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO APPROVE STIPULATION
REGARDING TAX CLAIMS

1    fees related to the Segregated Account, as of April 30, 2018, the Segregated Account held

2    $215,212.41.[4]  Rund Decl., ¶ 15; Exh. 1, Stipulation, ¶ K.

3              D.       **The Compromise With Sotheby's and the Other Avoidance Recoveries**

4              As demonstrated by Paragraph L of the Stipulation, another area of emphasis of the work

5    by the Trustee was the review and analysis of the Debtor's pre-petition settlement agreement with

6    Sotheby's, including the property already sold in conjunction with the settlement and the property

7    which was to be sold.  The Trustee also received $32,000.00 from Shannon Minor, the Debtor's

8    wife, after a resolution of avoidance claims asserted against her by the Trustee related to the

9    transfer of a club membership [Docket No. 309].  In addition, the Trustee also asserted claims

10   with respect to the substantial penalties which had accrued as a result of the delinquent real

11   property taxes owing to the Los Angeles County Treasurer and Tax Collector (with respect to the

12   Sarbonne Property) and the City and County of San Francisco, Office of the Treasurer and Tax

13   Collector (with respect to the San Francisco Property).  The resolution of these matters, and the

14   cash received by the bankruptcy estate, are discussed in turn below.

15             Prior to the Petition Date, Sotheby's, which had obtained a judgment against the Debtor,

16   took possession of valuable personal property (comprised of art, home furnishings and

17   collectibles) of the Debtor.  A receiver (the "Receiver") was appointed by the United States

18   District Court for the Southern District of New York (the "SDNY District Court") to oversee the

19   sale of the property.  After negotiations among Sotheby's, the Debtor, the IRS and the FTB

20   (which claimed liens in the property that was in the Receiver's custody), it was decided that the

21   FTB would receive the first $2.5 million of the property sold, and the remainder of the net

22   proceeds would be split between Sotheby's and the IRS.  The Trustee asserted that the agreement

23   and the payments to Sotheby's were potentially avoidable.  After a long negotiation, the Trustee

24   and Sotheby's entered into a proposed compromise of the Trustee's claims.

25   / / /

26   / / /

27   _____

28   [4] The figure of $232,589.72 in Paragraph J represents the amount originally designated for the Segregated Account,
     $282,589.72, less the $50,000.00 payment to WTHF.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    By order dated May 13, 2015 [Docket No. 289], the Bankruptcy Court approved the

2    proposed compromise among the Trustee, the Receiver[5] and Sotheby's by which (i) Sotheby's

3    would pay the estate $150,000.00; (ii) the Receiver would pay to the Trustee one-half of what

4    would have gone to Sotheby's under the original agreement, and (iii) the Receiver would pay

5    what would originally have been paid to the IRS to the Trustee (subject to the IRS lien).  The

6    Trustee has since received a total of $1,001,901.01 on account of the Sotheby's settlement,

7    $415,296.89 on account of amounts that might otherwise have been paid to Sotheby's (including

8    the proceeds of a painting which Sotheby's determined it could not sell) and $586,604.12

9    representing the "IRS Sotheby's Share" under the terms of the Sotheby's compromise.  Rund

10    Decl., ¶ 18.

11    In addition, the Trustee received $72,841.81 and $91,059.90, respectively, from the Los

12    Angeles County Treasurer and Tax Collector and the City and County of San Francisco, Office of

13    the Treasurer and Tax Collector.  The amounts were received after resolution of the Trustee's

14    claims that he could avoid any amounts paid as penalties to those taxing authorities upon the

15    closing of the sales of the Sarbonne and San Francisco Properties [Docket Nos. 174 and 399].

16    **E.    The Other Assets of the Estate Liquidated by the Trustee**

17    During the administration of the Debtor's bankruptcy estate, the Trustee also liquidated a

18    number of additional assets, including (1) an Audi motor vehicle ($8,100.00); (2) bank and

19    brokerage accounts at Goldman Sachs, Comerica Bank, Merrill Lynch, and Morgan Stanley, as

20    well as an interest in an investment fund through Red Point and a miscellaneous mortgage

21    repayment ($94,956.12); (3) stock in Sahale Snacks, Inc., a closely held company which was sold

22    during the administration of the estate ($1,838,206.05); (4) art work formerly located at the San

23    Francisco Property, which was auctioned by Harvey Clars auctioneers ($75,537.50); and (5) art

24    work located at L.A. Packing, Crating & Transport, Inc., a storage facility which held the art

25    work and which asserted a lien for storage charges ($30,000.00).  With respect to these interests,

26    the Trustee received a total of $2,046,799.67.  Rund Decl., ¶ 20.

27

28    [5] The Receiver was also a party to the compromise, and the Receiver's entry into the settlement with the Trustee was also approved by the SDNY District Court.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO APPROVE STIPULATION
REGARDING TAX CLAIMS

1

**F.      The Proposed Compromise and the Stipulation with the IRS and the FTB**

2        As set forth in the Stipulation, and subject to the approval of the Bankruptcy Court after

3    notice to creditors, the Trustee, the IRS and the FTB have agreed to resolve any issues that might

4    have existed with the respect to the attachment and priority of the IRS and FTB liens both in the

5    net proceeds held by the Trustee and also between the two of them.  The Stipulation fixes the

6    amounts of each of the IRS and FTB secured claims in light of the Trustee's contentions

7    regarding the reach of section 724(b)(2) of the Bankruptcy Code and estimates[6] of the

8    administrative expenses incurred by the bankruptcy estate.  As described above, the IRS Claim

9    shall be allowed as a secured claim equal to the IRS Sotheby's Share in the amount of

10   $586,604.12 (the "IRS Secured Claim"), a priority claim in the amount of $997,869.07 (the "IRS

11   Priority Claim"), a general unsecured claim in the amount of $19,706,386.41, and a subordinated

12   claim for penalties in the amount of $4,625,648.18.  The FTB Claim shall be allowed as a secured

13   claim in the amount of $90,000.00 (the "FTB Secured Claim"), a priority claim in the amount of

14   $1,168,333.97 (the "FTB Priority Claim"), a general unsecured claim in the amount of

15   $5,993,431.91, and a subordinated claim for penalties in the amount of $2,558,280.36.  A copy of

16   the Stipulation, which has been concurrently filed herein, is attached as Exhibit 1 to the Rund

17   Declaration.

18       Upon closing, after payment of the IRS Secured Claim and the FTB Secured Claim, and

19   the administrative expenses of the bankruptcy estate, the IRS Priority Claim and the FTB Priority

20   Claim shall be paid pro rata (along with any other priority claims) with the available cash of the

21   estate.  The Trustee believes that the proposed compromise embodied in the Stipulation is fair and

22   reasonable under the circumstances, and that it should be approved by the Court.  Rund Decl.,

23   ¶ 23.

24   / / /

25   / / /

26   / / /

27   _____

28   [6] These estimates will remain only that until administrative expenses are approved by the Bankruptcy Court at the
conclusion of the bankruptcy case.  The Stipulation does not fix administrative expenses in any way.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO APPROVE STIPULATION
REGARDING TAX CLAIMS

## IV.    **DISCUSSION**

### A.    **The Legal Standard**

Bankruptcy Code section 105(a) provides in relevant part that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a) in turn states:

> On motion by the trustee and after notice and a hearing, the court
> may approve a compromise or settlement.  Notice shall be given to
> creditors, the United States trustee, the debtor, and indenture
> trustees as provided in Rule 2002 and to any other entity as the
> court may direct.

Fed. R. Bankr. P. 9019(a).

"The bankruptcy court has great latitude in approving compromise agreements." *Woodson v. Fireman's Fund Ins. Co.* (*In re Woodson*), 839 F.2d 610, 620 (9th Cir. 1988).  "The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating contested and dubious claims." *Martin v. Kane* (*In re A & C Properties*), 784 F.2d 1377, 1380-81 (9th Cir. 1986) [hereinafter "*A & C Properties*"]. Accordingly, in approving such an agreement, the Court need not conduct an exhaustive investigation into the validity, or a mini-trial on the merits, of the claims sought to be compromised.  *United States v. Alaska Nat'l Bank* (*In re Walsh Constr., Inc.*), 669 F.2d 1325, 1328 (9th Cir. 1982).

Rather, it is sufficient that the Court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *A & C Properties*, 784 F.2d at 1381.  The Court need only canvass the issues to determine whether the compromise falls "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972); *see also Anaconda-Ericsson Inc. v. Hessen* (*In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir. 1985).  Finally, although the Court should consider the reasonable views of creditors, ". . . [O]bjections do not rule.  It is well established that compromises are favored in bankruptcy." *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO APPROVE STIPULATION
REGARDING TAX CLAIMS

1    In the Ninth Circuit, courts generally look to the following considerations in determining

2    whether a proposed compromise is reasonable, fair, and equitable:

3        (a)    the probability of success in the litigation;

4        (b)    the difficulties, if any, to be encountered in the

5    matter of collection;

6        (c)    the complexity of the litigation involved, and the

7    expense, inconvenience and delay necessarily attending it;

8        (d)    the paramount interest of the creditors and a proper

9    deference to their reasonable views in the premises.

10   *A & C Properties*, 784 F.2d at 1381 (citation omitted).

11       **B.**    **The Stipulation Should Be Approved**

12   Consideration of the *A&C Properties* factors leads to the conclusion that the proposed

13   compromise and the terms of the Stipulation should be approved.  With regard to the first factor,

14   although the Trustee believes that, if he were to object to the IRS Claim and the FTB Claim with

15   respect to the extent and priority of the liens asserted, there might eventually be a resolution of

16   the issues raised, the Trustee is mindful of the uncertainty inherent in any litigation.  Complex

17   issues exist relating to the funds held by the Trustee, the extent of the liens of the IRS and the

18   FTB (and the relative priority between them), and the Trustee's power to subordinate those liens

19   under section 724(b)(2) of the Bankruptcy Code to allowed expenses of administration.  Apart

20   from this uncertainty, litigating the issues related to the IRS and FTB Claims will cause the estate

21   to incur meaningful additional administrative costs, which would be detrimental to the estate and

22   would reduce the funds ultimately available for distribution.  Rund Decl., ¶ 21.

23   The Trustee does not anticipate that any difficulties will be encountered regarding

24   collection.  Therefore, the Trustee believes that the second factor has little bearing on the

25   evaluation of the proposed compromise.

26   With regard to the third factor, any potential litigation regarding the IRS and FTB Claims

27   would be undoubtedly complex, and the transactions at issue have already required extensive

28   research by the counsel and accountants for the Trustee.  Proceeding with prosecution of

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  objections to claims would result in additional costly research and briefing regarding the interplay

2  between the sales of assets by the Trustee and the liens asserted by the IRS and FTB Claims.

3  Conversely, the resolution in the Stipulation will provide the IRS and the FTB the funds to which

4  they are entitled under a distribution scheme with which they are in agreement.  Thus, the

5  Stipulation furthers ". . . the important policy favoring efficient bankruptcy administration. . . ."

6  *Kowal v. Malkemus* (*In re Thompson*), 965 F.2d 1136, 1145 (1st Cir. 1992).  Moreover, the

7  Stipulation does not provide or allow for the present payment of any part of either the IRS or the

8  FTB Claims.  Instead, it fixes the amount of the claims in a manner that will allow the Trustee to

9  prepare and submit his Final Report and Account.  Based on these factors, the Trustee believes

10  that the Stipulation is in the best interests of the bankruptcy estate under the circumstances, is

11  well within the Trustee's business judgment, and should be approved.  Rund Decl., ¶ 23.

## V.    **CONCLUSION**

Based upon the foregoing, the Trustee respectfully requests that the Court enter an order approving the proposed compromise with the IRS and the FTB and the terms of the Stipulation, and granting such other and further relief as the Court deems just and proper.


DATED:  September 4, 2018            GREENBERG GLUSKER FIELDS CLAMAN
                                      & MACHTINGER LLP


                                      By:   */s/C. John M. Melissinos*
                                      _____
                                         C. JOHN M. MELISSINOS
                                         Attorneys for Jason M. Rund,
                                         Chapter 7 Trustee

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

### DECLARATION OF JASON M. RUND

I, Jason M. Rund, declare:

1.      I am the duly appointed and acting chapter 7 Trustee of the bankruptcy estate of Debtor Halsey McLean Minor ("Minor" or the "Debtor"). I have personal knowledge of the facts stated below, or have gained knowledge of them from pleadings and other documents typically obtained and reviewed by trustees administering estates or from the professionals employed to assist me herein, and, if called as a witness, I could and would testify competently thereto.

2.      I submit this Declaration in support of the accompanying *Chapter 7 Trustee's Motion for Order Approving Stipulation Among Chapter 7 Trustee, United States of America, and Franchise Tax Board Regarding Payment of Claims* (the "Motion") for an order approving the a proposed compromise among the estate, the United States of America ("United States") on behalf of its agency, Internal Revenue Service ("IRS"), and the State of California Franchise Tax Board (the "FTB") regarding the claims filed against the bankruptcy estate by the IRS and the FTB, as set forth in the concurrently filed *Stipulation Among Chapter 7 Trustee, United States of America, and Franchise Tax Board Regarding Payment of Claims* (the "Stipulation") [Docket No. 447].

3.      Attached as Exhibit 1 hereto and incorporated herein by this reference is a true and correct copy of the Stipulation.

4.      The Debtor commenced the within bankruptcy proceeding by filing a voluntary Petition under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") on May 24, 2013 (the "Petition Date"). The first meeting of creditors pursuant to section 341(a) of the Bankruptcy Code was initially set for June 17, 2013 and then was rescheduled to July 8, 2013. The meeting was continued from time to time and later concluded. I filed a notice of assets in this case, and October 21, 2013 was the deadline for non-governmental entities to file proofs of claim. The Court has approved the employment of counsel and accountants to provide assistance to me in my administration of the estate.

5.      As noted in the Debtor's Petition, two apparent affiliates of the Debtor previously filed chapter 11 cases, both of which cases are now closed. Minor Family Hotels, LLC commenced a chapter 11 case on September 1, 2010 in the United States Bankruptcy Court for

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO APPROVE STIPULATION
REGARDING TAX CLAIMS

the Western District of Virginia, Case No. 10-62543.  On or about September 16, 2013, the case

was converted to a chapter 7 case, and on April 28, 2015 it was closed.  Carter's Grove, LLC

commenced a chapter 11 case on February 14, 2011 in the United States Bankruptcy Court for the

Northern District of California, San Francisco Division, which case was transferred to the United

States Bankruptcy Court for the Eastern District of Virginia, Case No. 11-51330-SCS.  That case

was closed on June 25, 2015.

6.    The Amended Schedules of Assets and Liabilities [Docket Nos. 74 and 75]

("Amended Schedules") and Statement of Financial Affairs ("SOFA") filed by the Debtor list

assets of over $30 million and liabilities of over $50 million.  I, along with my counsel and

accountants employed to assist me herein, reviewed the Schedules and SOFA, as well as

additional documents which the Debtor has supplied.  We also worked with creditors and other

parties-in-interest to gain a better picture of the financial circumstances of the Debtor and the

bankruptcy estate.  Based on the investigation, the Debtor's financial affairs are wide-ranging and

complex.

7.    Since the Petition Date, I have liquidated various assets of the Debtor's bankruptcy

estate.  In total, I have received total proceeds of $30,459,355.70 and, after paying secured

claims, real property taxes, and costs of sale in the collective amount of $26,219,996.10, received

net proceeds of $4,403,761.32.  As reflected in the Paragraph O of the Stipulation, I have also

paid $751,605.84 in administrative expenses.  Therefore, I am now holding approximately

$3.6 million.  The amount set forth in Paragraph O of the Stipulation is as of April 30, 2018.

Since that date, bank and bond charges have continued to accrue and be paid.  All such amounts

will be reflected in my Final Report and Account.

8.    From the outset of the bankruptcy case, it was understood that large pre-petition

tax claims against the Debtor were one of the main reasons that he filed a chapter 7 bankruptcy

case.  The Debtor's pre-petition litigation with Sotheby's, Inc. ("Sotheby's") also put significant

financial pressure on the Debtor.

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO APPROVE STIPULATION
REGARDING TAX CLAIMS

9.      On July 16, 2013, the FTB filed a claim in the amount of $8,388,983.08 as a

secured claim for state income taxes owed by the Debtor for tax years 2007, 2008, 2009 and

2012, which claim was denominated as claim no. 1 on the Claims Register maintained by the

Clerk of the Court for the Debtor's bankruptcy case.  On May 7, 2015, the FTB filed an amended

claim in the amount of $9,790,046.24, as a secured claim in the amount of $8,388,983.08 and a

general unsecured claim in the amount of $232,729.19.  The FTB also asserts that its amended

claim is entitled to priority pursuant to 11 U.S.C. § 507(a)(8) in the amount of $1,168,333.97

(such claim, as amended, herein the "FTB Claim").  A copy of the FTB Claim is attached as

Exhibit A to the Stipulation.

10.      On March 9, 2018, the IRS filed an amended claim in the amount of

$25,916,478.45, consisting of a secured claim of $24,857,210.48, a priority claim of $997,869.07,

and an unsecured general claim of $61,398.90 for unpaid federal income taxes owed by the

Debtor for tax years 2007, 2008, 2009 and 2011, which claim was denominated as claim no. 3-2

on the Claims Register maintained by the Clerk of the Court for the Debtor's bankruptcy case

(such claim herein the "IRS Claim").  A copy of the IRS Claim is attached as Exhibit B to the

Stipulation.

11.      As set forth in the IRS and FTB Claims, on the Petition Date, the IRS and the FTB

asserted liens against substantially all of the Debtor's assets.  As set forth in further detail therein,

the FTB Claim consists of $5,143,638.00 in taxes, $2,337,594.36 in penalties, $907,666.72 in

interest, and $84.00 in costs.  A schedule of the liens filed by the FTB is also included with the

FTB Claim.  The IRS Claim consists of a secured claim in the amount of $16,931,656.79 in taxes,

$4,625,648.18 in penalties and $3,299,905.51 in interest.  A schedule of the Notices of Federal

Tax Lien filed by the IRS is included as part of the IRS Claim.

12.      Immediately after the Petition Date, I commenced efforts to liquidate the various

assets of the bankruptcy estate, including those real properties listed on the Debtor's Schedule A,

822 Sarbonne Road, Los Angeles, CA 90077 (the "Sarbonne Property") and the residential real

property collectively known as 3800-3810 Washington Street and 125 Maple Street, San

Francisco, CA 94118 (the "San Francisco Property").  On February 25, 2014 the Court entered its

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO APPROVE STIPULATION
REGARDING TAX CLAIMS

1   order [Docket No. 179] approving the sale of the Sarbonne Property free and clear of all liens,

2   claims, and interests for $11,100,000.00.  The sale of the Sarbonne Property closed on March 12,

3   2014.  On May 18, 2016, the Court entered its order [Docket No. 335] approving the sale of the

4   San Francisco Property free and clear of all liens, claims, and interests for $15,750.000.00.  The

5   sale of the San Francisco Property closed on July 14, 2016.

6          13.    In addition to his efforts with respect to the Sarbonne and San Francisco

7   Properties, I worked on the marketing of that certain real property commonly known as Fox

8   Ridge Farms, 2800 Ridge Rd., Charlottesville, VA 22901 (the "Fox Ridge Farms Property").  The

9   Fox Ridge Farms Property was owned by Fox Ridge Farms Holdings, LLC, a Virginia limited

10  liability company ("FRF"), the membership interests of which were 100% owned by the Debtor.

11  These efforts were also successful.  The Bankruptcy Court approved the sale of the Fox Ridge

12  Farms Property by FRF for $7,500,000.00 by order entered on June 13, 2014 [Docket No. 233]

13  (the "FRF Sale Order").  The sale of the Fox Ridge Farms Property closed on June 27, 2014.

14         14.    From the sales of the Sarbonne, Fox Ridge Farms, and San Francisco Properties,

15  the bankruptcy estate received "carve-outs" of $500,000.00, $232,589.72, and $426,569.20,

16  respectively.  Each of the carve-outs was highly negotiated, extensively documented, and noticed,

17  disclosed, and approved in conjunction with the sales of each of the Properties.

18         15.    With respect to the sale of the Fox Ridge Farms Property, as discussed in the

19  Stipulation, the FRF Sale Order directed that the carve-out amount be held in the Segregated

20  Account.  Thereafter, by its order dated July 5, 2017 [Docket No. 430], the Bankruptcy Court

21  approved a compromise with Watt, Tieder, Hoffar & Fitzgerald, LLP, a Virginia Limited

22  Liability Partnership doing business in California ("WTHF"), by which WTHF received

23  $50,000.00 from the Segregated Account to resolve its claim to a portion of the Segregated

24  Account.  Also as set forth in the Stipulation, after payment to WTHF and the payment of bank

25  fees related to the Segregated Account, as of April 30, 2018, the Segregated Account held

26  $215,212.41.

27         16.    Another area of emphasis of my administration of the bankruptcy estate was the

28  review and analysis of the Debtor's pre-petition settlement agreement with Sotheby's, including

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO APPROVE STIPULATION
REGARDING TAX CLAIMS

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   the property already sold in conjunction with the settlement and the property which was to be

2   sold.  The bankruptcy estate also received $32,000.00 from Shannon Minor, the Debtor's wife,

3   after a resolution of avoidance claims asserted against her related to the transfer of a club

4   membership [Docket No. 309].  In addition, I also asserted claims with respect to the substantial

5   penalties which had accrued as a result of the delinquent real property taxes owing to the Los

6   Angeles County Treasurer and Tax Collector (with respect to the Sarbonne Property) and the City

7   and County of San Francisco, Office of the Treasurer and Tax Collector (with respect to the San

8   Francisco Property).

9       17.     Prior to the Petition Date, Sotheby's, which had obtained a judgment against the

10  Debtor, took possession of valuable personal property (comprised of art, home furnishings and

11  collectibles) of the Debtor.  A receiver (the "Receiver") was appointed by the United States

12  District Court for the Southern District of New York (the "SDNY District Court") to oversee the

13  sale of the property.  After negotiations among Sotheby's, the Debtor, the IRS and the FTB

14  (which claimed liens in the property that was in the Receiver's custody), it was decided that the

15  FTB would receive the first $2.5 million of the property sold, and the remainder of the net

16  proceeds would be split between Sotheby's and the IRS.  I asserted that the agreement and the

17  payments to Sotheby's were potentially avoidable.  After a long negotiation, Sotheby's and I

18  entered into a proposed compromise of my claims.

19      18.     By order dated May 13, 2015 [Docket No. 289], the Bankruptcy Court approved

20  the proposed compromise among the Receiver, Sotheby's, and me by which (i) Sotheby's would

21  pay the estate $150,000.00; (ii) the Receiver would pay to the bankruptcy estate one-half of what

22  would have gone to Sotheby's under the original agreement, and (iii) the Receiver would pay

23  what would originally have been paid to the IRS to the bankruptcy estate (subject to the IRS lien).

24  I have since received a total of $1,001,901.01 on account of the Sotheby's settlement,

25  $415,296.89 on account of amounts that might otherwise have been paid to Sotheby's (including

26  the proceeds of a painting which Sotheby's determined it could not sell) and $586,604.12

27  representing the "IRS Sotheby's Share" under the terms of the Sotheby's compromise.  The

28  Receiver's entry into the settlement was also approved by the SDNY District Court.

19.    In addition, I received $72,841.81 and $91,059.90, respectively, from the Los Angeles County Treasurer and Tax Collector and the City and County of San Francisco, Office of the Treasurer and Tax Collector.  The amounts were received after resolution of my claims that I could avoid any amounts paid as penalties to those taxing authorities upon the closing of the sales of the Sarbonne and San Francisco Properties [Docket Nos. 174 and 399].

20.    During the administration of the Debtor's bankruptcy estate, I also liquidated a number of additional assets, including (1) an Audi motor vehicle ($8,100.00); (2) bank and brokerage accounts at Goldman Sachs, Comerica Bank, Merrill Lynch, and Morgan Stanley, as well as an interest in an investment fund through Red Point and a miscellaneous mortgage repayment ($94,956.12); (3) stock in Sahale Snacks, Inc., a closely held company which was sold during the administration of the estate ($1,838,206.05); (4) art work formerly located at the San Francisco Property, which was auctioned by Harvey Clars auctioneers ($75,537.50); and (5) art work located at L.A. Packing, Crating & Transport, Inc., a storage facility which held the art work and which asserted a lien for storage charges ($30,000.00).  With respect to these interests, I received a total of $2,046,799.67.

21.    Although the I believe that if I were to object to the IRS Claim and the FTB Claim with respect to the extent and priority of the liens asserted, there might eventually be a resolution of the issues raised, I am mindful of the uncertainty inherent in any litigation.  Complex issues exist relating to the funds held by the estate, the extent of the liens of the IRS and the FTB (and the relative priority between them), and my power to subordinate those liens under section 724(b)(2) of the Bankruptcy Code to allowed expenses of administration.  Apart from this uncertainty, litigating the issues related to the IRS and FTB Claims will cause the estate to incur meaningful additional administrative costs, which would be detrimental to the estate and would reduce the funds ultimately available for distribution.  I do not anticipate that any difficulties will be encountered regarding collection.

22.    Any potential litigation regarding the IRS and FTB Claims would be undoubtedly complex, and the transactions at issue have already required extensive research by my counsel and my accountants.  Proceeding with prosecution of objections to claims would result in

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO APPROVE STIPULATION
REGARDING TAX CLAIMS

1    additional costly research and briefing regarding the interplay between the sales of assets and the

2    liens asserted by the IRS and FTB Claims.  Conversely, the resolution in the Stipulation will

3    provide the IRS and the FTB the funds to which they are entitled under a distribution scheme with

4    which they are in agreement.

5        23.     The Stipulation does not provide or allow for the present payment of any part of

6    either the IRS or the FTB Claims.  Instead, it fixes the amount of the claims in a manner that will

7    allow me to prepare and submit my Final Report and Account.  Upon closing, after payment of

8    the IRS Secured Claim and the FTB Secured Claim, and the administrative expenses of the

9    bankruptcy estate, the IRS Priority Claim and the FTB Priority Claim shall be paid pro rata (along

10    with any other priority claims) with the available cash of the estate.  Based on these factors, I

11    believe that the Stipulation is in the best interests of the bankruptcy estate under the

12    circumstances, is well within my business judgment, and should be approved.

13       I declare under penalty of perjury under the laws of the United States of America that the

14    foregoing is true and correct.

15       Executed this _4_ day of September, 2018, at El Segundo, California.

16

17

18                     JASON M. RUND

19

20

21

22

23

24

25

26

27

28

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

MOTION TO APPROVE STIPULATION
REGARDING TAX CLAIMS

# EXHIBIT "1"

1  C. JOHN M. MELISSINOS (SBN 149224)
   JMelissinos@GreenbergGlusker.com
2  KEITH PATRICK BANNER (SBN 259502)
   KBanner@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS CLAMAN
   & MACHTINGER LLP
4  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California  90067-4590
5  Telephone:  310.553.3610
   Fax:  310.553.0687
6
7  Attorneys for Jason M. Rund,
   Chapter 7 Trustee

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11

12 | In re:                          | Case No. 2:13-bk-23787-BR

13 | HALSEY McLEAN MINOR,            | Chapter 7

14 |          Debtor.               | **STIPULATION AMONG CHAPTER 7
15                                     TRUSTEE, UNITED STATES OF
                                       AMERICA, AND FRANCHISE TAX
16                                     BOARD REGARDING PAYMENT OF
                                       CLAIMS**

17                                     [NO HEARING REQUIRED]

18

19

20

21         This stipulation (the "Stipulation") is entered into by and among Jason M. Rund, Chapter

22  7 Trustee ("Trustee") of the bankruptcy estate of Halsey McLean Minor ("Minor" or the

23  "Debtor"), pending in the United States Bankruptcy Court for the Central District of California,

24  Los Angeles Division (the "Bankruptcy Court"), bankruptcy case no. 2:13-bk-23787-BR, the

25  United States of America ("United States") on behalf of its agency, Internal Revenue Service

26  ("IRS"), and the State of California Franchise Tax Board (the "FTB").  The Trustee, the United

27  States and the FTB are sometimes referred to herein as the "Parties."  This Stipulation is entered

28  into with respect to the following facts.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    A.    The Debtor commenced the within bankruptcy proceeding by filing a voluntary

2    Petition under chapter 7 of the title 11 of the United States Code §§ 101 et se. (the "Bankruptcy

3    Code") on May 24, 2013 (the "Petition Date").  The Trustee is the duly appointed and acting

4    chapter 7 trustee of the Debtor's bankruptcy estate herein.

5    B.    The Debtor filed his Amended Schedules of Assets and Liabilities [Docket Nos. 74

6    and 75] ("Amended Schedules") and Statement of Financial Affairs ("SOFA"), which list assets

7    of over $30 million and liabilities of over $50 million.  The Debtor's Amended Schedules both

8    identified significant secured claims in favor of both the IRS and the FTB.

9    C.    The IRS and the FTB each filed claims against the Debtor's bankruptcy estate.

10    D.    On July 16, 2013, the FTB filed a claim in the amount of $8,388,983.08 as a

11    secured claim for state income taxes owed by the Debtor for tax years 2007, 2008, 2009 and

12    2012, which claim was denominated as claim no. 1 on the Claims Register maintained by the

13    Clerk of the Court for the Debtor's bankruptcy case.  On May 7, 2015, the FTB filed an amended

14    claim in the amount of $9,790,046.24, as a secured claim in the amount of $8,388,983.08 and a

15    general unsecured claim in the amount of $232,729.19.  The FTB also asserts that its amended

16    claim is entitled to priority pursuant to 11 U.S.C. § 507(a)(8) in the amount of $1,168,333.97

17    (such claim, as amended, herein the "FTB Claim").

18    E.    Attached as <u>Exhibit A</u> hereto and incorporated herein by this reference is a true

19    and correct copy of the FTB Claim.

20    F.    On March 9, 2018, the IRS filed an amended claim in the amount of

21    $25,916,478.45, consisting of a secured claim of $24,857,210.48, a priority claim of $997,869.07,

22    and an unsecured general claim of $61,398.90 for unpaid federal income taxes owed by the

23    Debtor for tax years 2007, 2008, 2009 and 2011, which claim was denominated as claim no. 3-2

24    on the Claims Register maintained by the Clerk of the Court for the Debtor's bankruptcy case

25    (such claim herein the "IRS Claim").

26    G.    Attached as <u>Exhibit B</u> hereto and incorporated herein by this reference is a true

27    and correct copy of the IRS Claim.

28    H.    As set forth in the IRS and FTB Claims, on the Petition Date, the IRS and the FTB

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

asserted liens against substantially all of the Debtor's assets.  As set forth in further detail therein, the FTB Claim consists of $5,143,638.00 in taxes, $2,337,594.36 in penalties, $907,666.72 in interest, and $84.00 in costs.  A schedule of the liens filed by the FTB is also included with the FTB Claim.  As set forth in further detail therein, the IRS Claim consists of a secured claim in the amount of $16,931,656.79 in taxes, $4,625,648.18 in penalties and $3,299,905.51 in interest.  A schedule of the Notices of Federal Tax Lien filed by the IRS is included as part of the IRS Claim.

I.    **The Total Cash Received by Trustee.**  Since the Petition Date, the Trustee has liquidated various assets of the Debtor's bankruptcy estate.  In total, the Trustee has received total proceeds of $30,459,355.70 and, after paying secured claims, real property taxes, and costs of sale in the collective amount of $26,219,996.10 (including the amount paid to WTHF as described in Paragraph K, below), received net proceeds of $4,403,761.32.

J.    **The Carve-Out Amounts.**  A total of $1,159,158.92 of the net proceeds of $4,403,731.99 was received as "carve outs" from the secured claims of the following:

(1)    HSBC Bank USA, National Association, with respect to the sale of the Debtor's "Sarbonne Property" in Bel Air, California (in the amount of **$500,000.00**);

(2)    Bank of America, National Association ("BOA"), with respect to the "Fox Ridge Farms Property" located in Charlottesville, Virginia (**$232,589.72**); and

(3)    BOA, with respect to the "San Francisco Property" located in San Francisco, California (**$426,569.20**).

K.    **The Segregated Account.**  In accordance with the terms of the Bankruptcy Court's order dated June 13, 2014 [Docket No. 233] (the "FRF Sale Order") approving the sale of the Fox Ridge Farms Property, the Trustee placed the proceeds of the carve-out from BOA's lien in the amount of $282,589.72 in a segregated account by the Trustee pending further order of the Court (the "Segregated Account").  In addition, by its order dated July 5, 2017 [Docket No. 430], the Bankruptcy Court approved a compromise between the Trustee and Watt, Tieder, Hoffar & Fitzgerald, LLP, a Virginia Limited Liability Partnership doing business in California ("WTHF") by which WTHF received $50,000.00 from the Segregated Account to resolve its claim to a portion of the Segregated Account.  After payment to WTHF and the payment of bank

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

STIPULATION AMONG TRUSTEE, IRS AND FTB FOR
ALLOWANCE AND PAYMENT OF CLAIMS

Exhibit 1
22

fees related to the Segregated Account, as of April 30, 2018, the Segregated Account held $215,212.41.

L.    **Avoidance Recoveries.**    Of the net proceeds, a total of $611,198.61 was received on account of avoidance action recoveries from the following:

(i)    Sotheby's, Inc. ("Sotheby's) (**$415,296.89**);

(ii)    Shannon Minor (**$32,000.00**);

(iii)    the Los Angeles County Treasurer and Tax Collector (**$72,841.82**); and

(iv)    the City and County of San Francisco, Office of the Treasurer and Tax Collector (**$91,059.90**).

M.    **The Free Cash and the Lien Proceeds.**    Thus, of the total net proceeds of $4,403,761.32, $1,770,357.53 (herein the "Free Cash") was received as free and clear cash of the estate as a result of carve outs or avoidance recoveries.  The remaining $2,633,403.79 (the "Lien Proceeds") represents proceeds of assets of the estate burdened with liens in favor of either the FTB, the IRS, or both.

N.    **The IRS Sotheby's Share.**    Of the Lien Proceeds, $586,604.12 (herein the "IRS Sotheby's Share") was received from the Receiver with respect to the Sotheby's settlement on account of the "IRS share" of the original settlement between the IRS and Sotheby's.  The original agreement between Sotheby's, the IRS and the FTB was retained as part of the Trustee's compromise with Sotheby's, and therefore the Trustee understands that the funds representing the IRS Sotheby's Share are free of any lien of the FTB.

O.    **Payments From Lien Proceeds.**    Also since the Petition Date, the Trustee has paid a total of $751,605.84 from the Lien Proceeds as follows:

(x)    $390,631.55 in administrative expenses to the Trustee, his general bankruptcy counsel, and his accountants, in accordance with the Bankruptcy Court's order dated May 13, 2014 [Docket No. 214];

(y)    $238,280.48 to Deborah Minor on account of a priority claim pursuant to 11 U.S.C. § 507(a)(1)(A) in accordance with the Bankruptcy Court's order dated December 1, 2016 [Docket No. 394]; and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

STIPULATION AMONG TRUSTEE, IRS AND FTB FOR
ALLOWANCE AND PAYMENT OF CLAIMS

Exhibit 1
23

(z)    $122,693.81 on account of certain other administrative costs pursuant to Court order and bank fees (which are significant because of United States Trustee banking requirements and the length of this case).

Therefore, as of April 30, 2018, and after payment of the above-described administrative expenses in the amount of $751,605.84, and net of the IRS Sotheby's Share in the amount of $586,604.12, from the Lien Proceeds of $2,633,403.79, the Trustee held a total of **$1,295,193.83** (the "Remaining Lien Proceeds") on account of the Lien Proceeds.

P.    As of the date of this Stipulation, the Trustee estimates that the additional fees and costs of the Trustee, Greenberg Glusker Fields Claman & Machtinger LLP, general counsel to the Trustee, and Berkeley Research Group, LLC, accountants to the Trustee, will be at least $1,200,000 (the "Professional Fee Estimate").  However, the exact amount of such fees and costs is not known and will not be known until final requests for compensation and reimbursement of expenses are approved by the Bankruptcy Court.  In addition, bank fees will continue to accrue, and certain other additional administrative expenses may need to be paid, although in the latter case the Trustee does not expect such amounts to be significant.  When the Professional Fee Estimate is subtracted from the Remaining Lien Proceeds, the total amount available for payment of the secured claims of the IRS and the FTB is approximately $681,797.95 (which includes the amount owing to the IRS on account of the IRS Sotheby's Share).

Q.    The Parties acknowledge that, in light of the magnitudes of each of the FTB Claim and the IRS Claim, any payments from the Free Cash will go to the FTB and the IRS.  Moreover, any Lien Proceeds remaining after the payment of administrative expenses will also be paid to the FTB and the IRS on account of their liens.

R.    With respect to the Lien Proceeds, the Trustee has not attempted an asset-by-asset review of whether the FTB or the IRS has which agency might have lien priority in a particular asset of the estate.  Moreover, the Trustee is informed that under California Government Code § 7170.5, the IRS and the FTB have agreed that, as between themselves, the assessment date of the taxes and thus the date that a lien arises (and not recordation date of any lien) will govern how any such funds are divided.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

S.    The Trustee contends that under section 724(b)(2) of the Bankruptcy Code, the Trustee is entitled to subordinate the liens of the IRS and the FTB in the Lien Proceeds and the Remaining Lien Proceeds to the extent of allowed administrative expenses under section 507(a)(1)(C) (expenses of administration) of the Bankruptcy Code as well as the payment of any amounts allowed under, inter alia, section 507(a)(1)(A) (domestic support obligations) of the Bankruptcy Code.

T.    The Trustee, the United States and the FTB now wish to address (i) the treatment and allowed amount of each of the IRS Claim and the FTB Claim in the bankruptcy case, and (ii) the payments on account of the IRS Claim and the FTB Claim from the Lien Proceeds (including the IRS Sotheby's Share) and the Fee Cash.

THEREFORE, subject to the approval of the Bankruptcy Court, the Parties hereby agree as follows:

1.    The IRS Claim shall be allowed as a secured claim in the amount of the IRS Sotheby's Share in the amount of $586,604.12 (the "IRS Secured Claim"), a priority claim in the amount of $997,869.07 (the "IRS Priority Claim"), a general unsecured claim in the amount of $19,706,386.41, and a subordinated claim for penalties in the amount of $4,625,648.18.

2.    The FTB Claim shall be allowed as a secured claim in the amount of $90,000.00 (the "FTB Secured Claim"), a priority claim in the amount of $1,168,333.97 (the "FTB Priority Claim"), a general unsecured claim in the amount of $5,993,431.91, and a subordinated claim for penalties in the amount of $2,558,280.36.

3.    The IRS Secured Claim shall be paid in full upon the closing of the bankruptcy case, and such payment shall be reflected in the Trustee's Final Report and Account.

4.    The FTB Secured Claim shall be paid in full upon the closing of the bankruptcy case, and such payment shall be reflected in the Trustee's Final Report and Account.

5.    After payment of the IRS Secured Claim, the FTB Secured Claim, and the allowed administrative expenses the bankruptcy estate, the Free Cash shall be evenly divided between the IRS Priority Claim and the FTB Priority Claim until each is paid in full, and the Trustee's Final Report and Account shall reflect such division.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

STIPULATION AMONG TRUSTEE, IRS AND FTB FOR
ALLOWANCE AND PAYMENT OF CLAIMS

Exhibit 1
25

6.    All payments of the IRS Claim made pursuant to this Stipulation shall be made payable to the "United States Treasury," state in the memo line the Debtor's name, employer tax identification number, and case number, and be directed to:

U.S. Attorney's Office, Tax Division
Attn: Najah J. Shariff
300 N. Los Angeles St., Ste. 7516
Los Angeles, CA 90012

7.    Except with respect to the payment of claims in the Debtor's bankruptcy case, nothing in this Stipulation shall be deemed to direct how the money received by the United States or the FTB, as the case may be, from the Trustee should be applied to the amounts owing to each of them.

8.    The Court shall retain jurisdiction for purposes of enforcing this Stipulation.

DATED: July 30, 2018

CALIFORNIA FRANCHISE TAX BOARD

By: _____
Name: Carissa Lynch
Title: Tax Counsel IV

DATED: July 28, 2018

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

By: _____
NAJAH J. SHARIFF
Assistant United States Attorney
Attorneys for the United States of America

DATED: ~~July~~ August 22, 2018

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP

By: _____
C. JOHN M. MELISSINOS
Attorneys for Jason M. Rund, Chapter 7
Trustee

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

73358-00002/2969595.3

7

STIPULATION AMONG TRUSTEE, IRS AND FTB FOR
ALLOWANCE AND PAYMENT OF CLAIMS

Exhibit 1
26

# EXHIBIT "A"

Exhibit 1
27

BANKRUPTCY SECTION MS A340
FRANCHISE TAX BOARD
PO BOX 2952
SACRAMENTO CA 95812-2952

Phone:  (916) 845-4750

Fax:  (916) 845-9799

**Bankruptcy Case Number:**
1323787

**Debtor:**
HALSEY M MINOR
XXX-XX-1034

**Proof of Claim**

UNITED STATES BANKRUPTCY COURT
**Central District of California**
Edward R Roybal Federal Building
255 E. Temple Street, Room 940
Los Angeles  CA 90012-3610

**Nondebtor:**

**Type of Liability:**
Personal Income Tax

**Basis of Liability Statement**

| Claim | Basis | Period | Tax | Penalty | Interest | Costs | Total Claim |
|-------|-------|--------|-----|---------|----------|-------|-------------|
| A * | 1 | 12/31/2007 | $0.00 | $867,151.96 | $0.00 | $0.00 | $867,151.96 |
| A * | 1 | 12/31/2008 | $4,594,552.00 | $1,320,468.98 | $839,392.04 | $54.00 | $6,754,467.02 |
| A * | 1 | 12/31/2009 | $549,086.00 | $149,973.42 | $68,274.68 | $30.00 | $767,364.10 |
| B * | 1 | 12/31/2012 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| B * | 4 | 12/31/2010 | $1,088,022.00 | $0.00 | $80,311.97 | $0.00 | $1,168,333.97 |
| C * | 4 | 12/31/2010 | $0.00 | $220,686.00 | $12,043.19 | $0.00 | $232,729.19 |

| Claim | Account Number | Basis | |
|-------|----------------|-------|--|
| A.   Secured | * XXX-XX-1034 | 1. | Return filed with balance due |
| B.   Unsecured Priority | | 3. | No return filed |
| C.   Unsecured General | | 4. | Audit Assessment |
| D.   1305(a)(1) | | 5. | Other |
| T.   To Be Determined | | 6. | Community Claim (Nondebtor Liability) |

**Tax Lien Information for Secured Claim**

| Lien Certificate Number | Recording Date | County Recorder or Secretary of State | Recording Information | Tax Years Secured |
|-------------------------|----------------|----------------------------------------|------------------------|-------------------|
| 09177436893 * | 07/21/09 | LOS ANGELES | 20091101884 | 07 |
| 09177623741 * | 09/09/09 | SAN FRANCISCO | J973, 0202 | 07 |
| 09334641249 * | 12/07/09 | SAN FRANCISCO | 09-I882669-00 | 08 |
| 09334939003 * | 12/04/09 | LOS ANGELES | 20091840220 | 08 |
| 10194331542 * | 07/15/10 | SAN FRANCISCO | 2010-I995716-00 | 07, 08 |
| 11026398766 * | 02/07/11 | SAN FRANCISCO | 2011-J131853-00, K327 0275 | 09 |
| 11080696176 * | 04/05/11 | LOS ANGELES | 20110497977 | 09 |

**The Franchise Tax Board Bankruptcy Section takes an active role in resolving bankruptcy issues. We can receive delinquent tax returns and encourage correspondence and telephone calls. We provide assistance to prevent unnecessary litigation.**

FTB 6631 C ARCS (REV 06-2014)

Exhibit 1
28

Case 2:13-bk-23787-BR   Doc 448   Filed 09/04/18   Entered 09/04/18 18:43:58   Desc
Main Document     Page 32 of 48

Case 2:13-bk-23787-BR   Doc 447   Filed 09/04/18   Entered 09/04/18 18:24:02   Desc
Main Document     Page 10 of 23
Case 2:13-bk-23787-TD   Claim 1   Filed 05/07/15   Desc Main Document   Page 2 of 4

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT    Central District of California | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: **HALSEY M MINOR** | Case Number:<br>**1323787** | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. §503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>FRANCHISE TAX BOARD | |
|---|---|
| | **COURT USE ONLY** |
| Name and address where notices should be sent:<br>BANKRUPTCY SECTION MS A340<br>FRANCHISE TAX BOARD<br>PO Box 2952<br>Sacramento CA 95812-2952 | ☒ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:** 1<br>*(If known)* |
| Telephone number: (916) 845-4750    email: | Filed on:    05/14/2014 |
| Name and address where payment should be sent (if different from above):<br><br>Telephone number:    email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:** $ 9,790,046.24

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒    Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**    Taxes and/or fees
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br>1034 | **3a. Debtor may have scheduled account as:**<br><br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)

Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

$ 8,388,983.08

Nature of property or right of setoff:  ☒ Real Estate  ☐ Motor Vehicle  ☐ Other

**Describe:** Tax Lien

**Basis for perfection:**    Notice of State Tax Lien

**Value of Property:**    $

**Amount of Secured Claim:**    $ 8,388,983.08

**Annual Interest Rate**    Varies %   ☐   Fixed   or   ☒   Variable
(when case was filed)

**Amount Unsecured:**    General $232,729.19

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

| ☐ | Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). | ☐ | Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507(a)(4). | ☐ | Contributions to an employee benefit plan – 11 U.S.C. §507(a)(5). | |
|---|---|---|---|---|---|---|
| | | | | | | **Amount entitled to priority:** |
| ☐ | Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507(a)(7). | ☒ | Taxes or penalties owed to governmental units – 11 U.S.C. §507(a)(8). | ☐ | Other – Specify applicable paragraph of 11 U.S.C.  §507(a)( ). | $ 1,168,333.97 |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

FTB 6631 C ARCS (REV 06-2014)

Exhibit 1
29

B10 (Official Form 10) (04/13)                                                                                        1323787

| | |
|---|---|
| **7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "***redacted***".)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | |

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐   I am the creditor.          ☒   I am the creditor's authorized          ☐   I am the trustee, or the          ☐   I am a guarantor, surety,
                                                            agent.                                                               debtor, or their authorized                        indorser, or other codebtor.
                                                                                                                                         agent. (See Bankruptcy Rule                       (See Bankruptcy Rule 3005.)
                                                                                                                                         3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:    Tahereh Navabian

Title:    Franchise Tax Board Claim Agent

Company:    Franchise Tax Board                              /s/: Tahereh Navabian                                            05/07/15

Address and telephone number (if different          (Signature)                                                      (Date)
from notice address above):

Telephone number: (916) 845-4750          email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FTB 6631 C ARCS (REV 06-2014)

Exhibit 1
30

BANKRUPTCY SECTION MS A340
FRANCHISE TAX BOARD
PO BOX 2952
SACRAMENTO CA 95812-2952

Phone: (916) 845-4750  Fax: (916) 845-9799

Date: 05/07/15
Bankruptcy Case Number: 1323787
Petition Date: 05/24/2013
Debtor Name: HALSEY M MINOR

## Attachment

Franchise Tax Board (FTB) reserves the right to amend this claim/request based on any audit or investigation of any filed income tax returns or any other audit or investigation.

FTB reserves the right to amend this claim/request in accordance with applicable law, including, without limitation, modifying the amounts claimed as an administrative expense, secured, priority, and unsecured for the purposes of this bankruptcy case.

FTB reserves the right to amend this claim/request to add additional penalties and interest.

FTB's records indicate an income tax return has **not** been filed for the following tax year(s):
N/A

Accordingly, FTB reserves the right to amend this claim/request based upon receipt of such income tax return(s), any audit or investigation of such return(s), or any other audit or investigation.

FTB's claim, to the extent it is secured, is secured by all property and rights to property whether real or personal, tangible or intangible, including all after-acquired property and rights to property, belonging to the debtor(s) and located in this state. (California Revenue & Taxation Code §19221; California Government Code § 7170.) Should the value of the collateral be determined to be less than the amount of the secured claim or should the lien be avoided in whole or in part, FTB reserves the right to amend this claim to state its unsecured non-priority claim and its unsecured priority claim.

FTB 6631 C ARCS (REV 06-2014)

Exhibit 1
31

# EXHIBIT "B"

Exhibit 1
32

---

**Fill in this information to identify the case:**

Debtor 1    HALSEY MCLEAN MINOR

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: CENTRAL                    District of CALIFORNIA
                                                                                    (State)

Case number    2:13-BK-23787-BR

---

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| 1. Who is the current creditor? | Department of the Treasury - Internal Revenue Service |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

| 2. Has this claim been acquired from someone else? | ■ No |
| | ☐ Yes.   From whom? |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Internal Revenue Service | Internal Revenue Service |
| Name | Name |
| P.O. Box 7346 | P.O. Box 7317 |
| Number        Street | Number        Street |
| Philadelphia    PA    19101-7346 | Philadelphia    PA    19101-7317 |
| City      State      ZIP Code | City      State      ZIP Code |
| Contact phone  1-800-973-0424 | Contact phone  1-800-973-0424 |
| Contact email | Contact email |
| Creditor Number: 33925033 | |

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| 4. Does this claim amend one already filed? | ☐ No |
| | ■ Yes.   Claim number on court claims registry (if known)    3    Filed on:  07/29/2013 |
| | MM / DD / YYYY |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ■ No |
| | ☐ Yes.  Who made the earlier filing? |

Exhibit 1
33

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
■ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:    See Attachment

**7. How much is the claim?**    $ 25,916,478.45

**Does this amount include interest or other charges?**
☐ No
■ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Taxes

**9. Is all or part of the claim secured?**

☐ No
■ Yes.  The claim is secured by a lien on property.

**Nature of property:**

■ Real Estate. If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A) with this Proof of Claim.

■ Motor Vehicle

■ Other. Describe:    *All of debtor(s) right, title and interest to property - 26 U.S.C. §6321.

**Basis for perfection:**    See Attachment
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of Property:**    $

**Amount of the claim that is secured:**    $ 24,857,210.48

**Amount of the claim that is unsecured:**    $ 1,059,267.97    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $

**Annual Interest Rate** (when case was filed)  3  %
☐ Fixed
■ Variable

**10. Is this claim based on a lease?**

■ No
☐ Yes.  **Amount necessary to cure any default as of the date of the petition.**    $

**11. Is this claim subject to a right of setoff?**

☐ No
■ Yes.  Identify the property    See Attachment

Exhibit 1
34

**12. Is all or part of the claim entitled to priority under 11 U.S.C. §507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

■ Yes. Check all that apply:

|  |  | Amount entitled to priority |
|---|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ | _____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ | _____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ | _____ |
| ■ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ | 997,869.07 |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ | _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ | _____ |

*Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

■ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   03/08/2018
_____
MM / DD / YYYY

/s/ NEAL KAKUSKE
_____
(Signature)

**Print the name of the person who is completing and signing this claim:**

| Name | NEAL | | KAKUSKE |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Insolvency Advisor |
|---|---|

| Company | Internal Revenue Service |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | Insolvency Group 1 300 North Los Angeles St, M/S 5022 |
|---|---|
| | Number        Street |

| | Los Angeles | CA | 90012 |
|---|---|---|---|
| | City | State | ZIP Code |

Contact Phone   (213) 372-4330          Email: _____

Exhibit 1
35

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service

**In the Matter of:**  HALSEY MCLEAN MINOR
619 TRENTON AVE
BEVERLY HILLS, CA 90210

Form **410**
Attachment

**Case Number**
2:13-BK-23787-BR

**Type of Bankruptcy Case**
CHAPTER 7A

**Date of Petition**
05/24/2013

Amendment No. 1 to Proof of Claim dated 07/26/2013.

The United States has not identified a right of setoff or counterclaim.  However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency.  All rights of setoff are preserved and will be asserted to the extent lawful.

**Secured Claims**  (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date | Office Location |
|---|---|---|---|---|---|---|---|---|
| XXX-XX-1034 | INCOME | 12/31/2007 | 11/17/2008 | $9,419,835.79 | $2,512,026.50 | $2,166,086.53 | 02/17/2009 | LOS ANGELES COU |
| | | | | | | | 03/03/2009 | SAN FRANCISCO |
| | | | | | | | 07/11/2011 | Albemarle Count |
| XXX-XX-1034 | INCOME | 12/31/2008 | 11/23/2009 | $6,602,407.00 | $1,862,682.14 | $1,032,796.27 | 07/11/2011 | LOS ANGELES COU |
| | | | | | | | 03/04/2011 | SAN FRANCISCO |
| | | | | | | | 07/11/2011 | Albemarle Count |
| XXX-XX-1034 | INCOME | 12/31/2009 | 11/15/2010 | $897,031.00 | $250,244.39 | $99,647.15 | 03/04/2011 | SAN FRANCISCO |
| | | | | | | | 07/11/2011 | LOS ANGELES COU |
| | | | | | | | 07/11/2011 | Albemarle Count |
| XXX-XX-1034 | INCOME | 12/31/2009 | 07/30/2012 | $12,383.00 | $695.15 | $1,375.56 | 05/09/2013 | LOS ANGELES COU |
| | | | | | | | | SAN FRANCISCO |
| | | | | | | | 05/09/2013 | Albemarle Count |
| | | | | $16,931,656.79 | $4,625,648.18 | $3,299,905.51 | | |

**Total Amount of Secured Claims:**  $24,857,210.48

**Unsecured Priority Claims**  under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|
| XXX-XX-1034 | INCOME | 12/31/2008 | 08/01/2011 | $622.00 | $97.31 |
| XXX-XX-1034 | INCOME | 12/31/2011 | 1  Unassessed-No Return | $964,640.25 | $32,509.51 |
| | | | | $965,262.25 | $32,606.82 |

**Total Amount of Unsecured Priority Claims:**  $997,869.07

**Unsecured General Claims**

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . .  $61,398.90

**Total Amount of Unsecured General Claims:**  $61,398.90

1 UNASSESSED TAX LIABILITY(IES) HAVE BEEN LISTED ON THIS CLAIM BECAUSE OUR RECORDS SHOW  NO RETURN(S) FILED.  WHEN THE DEBTOR(S) FILES THE RETURN OR PROVIDES OTHER INFORMATION AS REQUIRED BY LAW THE CLAIM WILL BE AMENDED

Exhibit 1
36

1872                                                      COURT RECORDING DATA

| | |
|---|---|
| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 2:13-BK-23787-BR | Lien Recorded    : 05/09/2013 – 08:34AM<br>Recording Number: 20130698125<br>UCC Number     :<br>Liber          :<br>Page           : |
| Area: SMALL BUSINESS/SELF EMPLOYED #7<br>Lien Unit Phone: (800) 913-6050 | IRS Serial Number: 936822513 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
 HALSEY M MINOR

Residence:
 2672 CELAYA CIR
 SAN RAMON, CA 94583-2042

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2009 | XXX-XX-1034 | 07/30/2012 | 08/29/2022 | $13,426.15 |

| | | |
|---|---|---|
| Filed at: COUNTY RECORDER<br>          LOS ANGELES COUNTY<br>          NORWALK, CA 90650 | Total | $13,426.15 |

This notice was prepared and executed at OAKLAND, CA
on this, the 30th day of April, 2013.

| | |
|---|---|
| Authorizing Official:<br> PAUL ENJALRAN | Title:<br> REVENUE OFFICER        27-02-1315 |

Exhibit 1
37

1872                                                    COURT RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 2:13-BK-23787-BR | Recording Number:<br>UCC Number    :<br>Liber        :<br>Page         : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #7<br>Lien Unit Phone: (800) 913-6050 | IRS Serial Number: 936822613 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
  HALSEY M MINOR


Residence:
  2672 CELAYA CIR
  SAN RAMON, CA 94583-2042

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2009 | XXX-XX-1034 | 07/30/2012 | 08/29/2022 | $13,426.15 |

| Filed at: COUNTY RECORDER<br>          SAN FRANCISCO<br>          SAN FRANCISCO, CA 94102 | Total | $13,426.15 |
|---|---|---|

This notice was prepared and executed at OAKLAND, CA
on this, the 30th day of April, 2013.

| Authorizing Official:<br>  PAUL ENJALRAN | Title:<br>  REVENUE OFFICER      27-02-1315 |
|---|---|

Exhibit 1
38

1872                                                    COURT RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 2:13-BK-23787-BR | Lien Recorded  : 05/09/2013 – 11:08AM<br>Recording Number: 2013-00000698<br>UCC Number     :<br>Liber          :<br>Page           : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #7<br>Lien Unit Phone: (800) 913-6050 | IRS Serial Number: 936822713 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
  HALSEY M MINOR

Residence:
  2672 CELAYA CIR
  SAN RAMON, CA 94583-2042

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2009 | XXX-XX-1034 | 07/30/2012 | 08/29/2022 | $13,426.15 |

| Filed at: Clerk of the Circuit Court<br>         Albemarle County<br>         Charlottesville, VA 22901 | Total | $13,426.15 |
|---|---|---|

This notice was prepared and executed at OAKLAND, CA
on this, the 30th day of April, 2013.

| Authorizing Official:<br>  PAUL ENJALRAN | Title:<br>  REVENUE OFFICER        27-02-1315 |
|---|---|

Exhibit 1
39

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION AMONG CHAPTER 7 TRUSTEE, UNITED STATES OF AMERICA, AND FRANCHISE TAX BOARD REGARDING PAYMENT OF CLAIMS**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 4, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) September 4, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 4, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
VIA Messenger
The Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Ste. 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 4, 2018 | Julie King | /s/ Julie King |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

73358-00002/3072187.1

**F 9013-3.1.PROOF.SERVICE**

Exhibit 1
40

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
   - Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com
   - James Cornell Behrens    jbehrens@milbank.com
   - Jacquelyn H Choi    jchoi@swesq.com
   - Karen P Ciccone    karen.ciccone@akerman.com,
     helen.serrano@akerman.com;Irene.basselfrick@akerman.com
   - Jennifer Witherell Crastz    jcrastz@hemar-rousso.com, DBrotman@hrhlaw.com
   - Robert L Eisenbach    reisenbach@cooley.com, efiling-notice@ecf.pacerpro.com
   - Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
   - Eddie R Jimenez    ecfcacb@aldridgepite.com, erj@ecf.inforuptcy.com;ejimenez@aldridgepite.com
   - Cori B Jones    cjones@wrightlegal.net, spolin@wrightlegal.net
   - Payam Khodadadi    pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com
   - Paul H Kim    Pkim@counsel.lacounty.gov
   - Kenneth G Lau    kenneth.g.lau@usdoj.gov
   - Katie Q Le    kle@mclaw.org
   - Angie S Lee    angie@srlawyers.com
   - Jennifer Leland    JLeland@robinskaplan.com, dvaughn@robinskaplan.com
   - Adam A Lewis    alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com
   - Carissa A Lynch    Carissa.Lynch@ftb.ca.gov, Martha.Gehrig@ftb.ca.gov
   - C John M Melissinos    jmelissinos@greenbergglusker.com,
     kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
   - James P Menton    JPMenton@rkmc.com, dvaughn@robinskaplan.com
   - Nancy Newman    nnewman@hansonbridgett.com,
     ajackson@hansonbridgett.com;calendarclerk@hansonbridgett.com
   - Courtney E Norton    cnorton@greenbergglusker.com,
     kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com
   - Andrew Patterson    andrewpatterson@dwt.com
   - Brian M Rothschild    brothschild@parsonsbehle.com,
     usclawyer@yahoo.com;ecf@parsonsbehle.com
   - Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.epiqsystems.com
   - Melanie Scott    melanie.scott@usdoj.gov
   - Najah J Shariff    najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
   - David B Shemano    dshemano@shemanolaw.com
   - United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
   - Gilbert B Weisman    notices@becket-lee.com
   - Kirsten A Worley    kw@wlawcorp.com, admin@wlawcorp.com
   - Robert P Zahradka    ecfcacb@aldridgepite.com, RPZ@tblaw.com

2. **SERVED BY UNITED STATES MAIL:**

Debtor
Halsey McLean Minor
619 Trenton Ave
Beverly Hills, CA  90210

UST
Melanie Scott Green, Esq.
United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017

Kirsten Worley
Worley Law P.C.
1572 Second Ave.,
San Diego, CA 92101

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

73358-00002/3072187.1

Exhibit 1
41

Ch. 7 Trustee
Jason M. Rund, Trustee
Sheridan & Rund
840 Apollo Street, Suite 351
El Segundo, CA  90245-4762

Attys for Sotheby's, Inc.
Adam A. Lewis, Esq.
Vincent J. Novak, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

Najah J. Shariff
Assistant United States
Attorney Tax Division
United States Attorney's Office
Central District of California
300 N. Los Angeles Street Ste.
7211
 Los Angeles, California 90012

Secured Creditor
Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346

Christie's Inc.
20 Rockefeller Plaza

New York, NY 10020

Attys for Debtor
David B. Shemano
ShemanoLaw
1801 Century Park East, Ste. 1600
Los Angeles, CA 90067

Paul Enjalran
Internal Revenue Service
1301 Clay Street Stop 1040-S
Oakland, CA  94612

Secured Creditor
Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA  95812-2952

Joyce Flaherty
350 S Spalding Penthouse,
Beverly Hills, CA  90212-3605

Sitrick & Company
1840 Century Park East, Suite
800,
Los Angeles, CA  90067-2109

Laura J. Mullin
Attorney, SB/SE
IRS Office of Chief Counsel
300 N. Los Angeles St. Ste. 3018
Los Angeles, 90012

Neal Kakuske
Insovency Advisor
IRS
Insolvency Group I
300 N. Los Angeles St. M/S 5022
Los Angeles, CA 90012

Franchise Tax Board
Attn: Carissa Lynch, Esq.
PO Box 1720, MS: A-260
Rancho Cordova, CA  95741-1720

Susie Minor
4634 Catterton Road,
Free Union, VA  22940-1903

Ames, Sheppard Kellam
1530 St Mary's Street

Raleigh NC 27608

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

73358-00002/3072187.1

**F 9013-3.1.PROOF.SERVICE**

Exhibit 1
42

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING STIPULATION AMONG CHAPTER 7 TRUSTEE, UNITED STATES OF AMERICA, AND FRANCHISE TAX BOARD REGARDING PAYMENT OF CLAIMS; DECLARATION OF JASON M. RUND IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 4, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 4, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 4, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
VIA Messenger
The Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Ste. 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 4, 2018 | Julie King | /s/ Julie King |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Keith Patrick Banner   kbanner@greenbergglusker.com, sharper@greenbergglusker.com
- James Cornell Behrens   jbehrens@milbank.com
- Jacquelyn H Choi   jchoi@swesq.com
- Karen P Ciccone   karen.ciccone@akerman.com,
  helen.serrano@akerman.com;Irene.basselfrick@akerman.com
- Jennifer Witherell Crastz   jcrastz@hemar-rousso.com, DBrotman@hrhlaw.com
- Robert L Eisenbach   reisenbach@cooley.com, efiling-notice@ecf.pacerpro.com
- Barry S Glaser   bglaser@swesq.com, erhee@swesq.com
- Eddie R Jimenez   ecfcacb@aldridgepite.com, erj@ecf.inforuptcy.com;ejimenez@aldridgepite.com
- Cori B Jones   cjones@wrightlegal.net, spolin@wrightlegal.net
- Payam Khodadadi   pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com
- Paul H Kim   Pkim@counsel.lacounty.gov
- Kenneth G Lau   kenneth.g.lau@usdoj.gov
- Katie Q Le   kle@mclaw.org
- Angie S Lee   angie@srlawyers.com
- Jennifer Leland   JLeland@robinskaplan.com, dvaughn@robinskaplan.com
- Adam A Lewis   alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com
- Carissa A Lynch   Carissa.Lynch@ftb.ca.gov, Martha.Gehrig@ftb.ca.gov
- C John M Melissinos   jmelissinos@greenbergglusker.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- James P Menton   JPMenton@rkmc.com, dvaughn@robinskaplan.com
- Nancy Newman   nnewman@hansonbridgett.com,
  ajackson@hansonbridgett.com;calendarclerk@hansonbridgett.com
- Courtney E Norton   cnorton@greenbergglusker.com,
  kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com
- Andrew Patterson   andrewpatterson@dwt.com
- Brian M Rothschild   brothschild@parsonsbehle.com,
  usclawyer@yahoo.com;ecf@parsonsbehle.com
- Jason M Rund (TR)   trustee@srlawyers.com, jrund@ecf.epiqsystems.com
- Melanie Scott   melanie.scott@usdoj.gov
- Najah J Shariff   najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- David B Shemano   dshemano@shemanolaw.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
- Gilbert B Weisman   notices@becket-lee.com
- Kirsten A Worley   kw@wlawcorp.com, admin@wlawcorp.com
- Robert P Zahradka   ecfcacb@aldridgepite.com, RPZ@tblaw.com

2. **SERVED BY UNITED STATES MAIL**:

| Debtor | UST | |
|---|---|---|
| Halsey McLean Minor | Melanie Scott Green, Esq. | Kirsten Worley |
| 619 Trenton Ave | United States Trustee | Worley Law P.C. |
| Beverly Hills, CA  90210 | 915 Wilshire Blvd., Suite 1850 | 1572 Second Ave., |
| | Los Angeles, CA  90017 | San Diego, CA 92101 |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Ch. 7 Trustee
Jason M. Rund, Trustee
Sheridan & Rund
840 Apollo Street, Suite 351
El Segundo, CA  90245-4762

Attys for Debtor
David B. Shemano
Robins, Kaplan
2049 Century Park East, Ste. 3400
Los Angeles, CA  90067

Laura J. Mullin
Attorney, SB/SE
IRS Office of Chief Counsel
300 N. Los Angeles St. Ste. 3018
Los Angeles, 90012

Attys for Sotheby's, Inc.
Adam A. Lewis, Esq.
Vincent J. Novak, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

Paul Enjalran
Internal Revenue Service
1301 Clay Street Stop 1040-S
Oakland, CA  94612

Neal Kakuske
Insovency Advisor
IRS
Insolvency Group I
300 N. Los Angeles St. M/S 5022
Los Angeles, CA 90012

Najah J. Shariff
Assistant United States
Attorney Tax Division
United States Attorney's Office
Central District of California
300 N. Los Angeles Street Ste.
7211
 Los Angeles, California 90012

Secured Creditor
Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA  95812-2952

Franchise Tax Board
Attn: Carissa Lynch, Esq.
PO Box 1720, MS: A-260
Rancho Cordova, CA  95741-1720

Secured Creditor
Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346

Joyce Flaherty
350 S Spalding Penthouse,
Beverly Hills, CA  90212-3605

Susie Minor
4634 Catterton Road,
Free Union, VA  22940-1903

Christie's Inc.
20 Rockefeller Plaza

New York, NY 10020

Sitrick & Company
1840 Century Park East, Suite
800,
Los Angeles, CA  90067-2109

Ames, Sheppard Kellam
1530 St Mary's Street

Raleigh NC 27608

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                **F 9013-3.1.PROOF.SERVICE**

73358-00002/3072223.1